IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Allen Patzke, | No. CV 02-1705-PHX-NVW (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Defendants. | |

Plaintiff has filed a Motion for Sanctions (Doc. #74) based on Defendants' alleged failure to comply with the court's scheduling and discovery order. Defendants filed a Response (Doc. #77) on September 27, 2005. Plaintiff has not filed a reply.

Plaintiff contends that Defendants have not complied with the scheduling and discovery order (Doc. #39) filed on November 10, 2004. Plaintiff argues that some of Defendants' disclosures were made after the deadline, that some of the documents in the disclosure statements have not been produced, that no expert witness reports have been produced and that affidavits and exhibits attached to Defendants' motion for summary judgment should have been disclosed earlier.

Regarding timeliness, Defendants submitted their initial disclosure statement on the December 8, 2004 deadline. Doc. #41. They submitted a supplemental disclosure statement on July 8, 2005, the discovery deadline. Doc. #68. In the supplemental disclosure, they indicated that they would produce the materials disclosed within a reasonable time of

1  receiving them from the Department of Corrections, to the extent that the materials were not
2  restricted. Defendants state that they produced the documents on August 31, 2005. Doc. #77
3  at 2. Defendants then filed a second supplemental disclosure on August 26, 2005 to correct
4  a mistake in a prior disclosure statement. Doc. #69. While Defendants should have sought
5  leave of the court to produce documents after the discovery deadline, they informed Plaintiff
6  that the documents contained in the supplemental disclosure would be produced in a
7  reasonable time and they were. Plaintiff has not presented sufficient reasons to impose
8  sanctions.

9  Regarding Plaintiff's contention that some documents have still not been produced,
10 Defendants contend that they have produced every item listed in the supplemental disclosure
11 except for items already in Plaintiff's possession and items that cannot be disclosed for
12 security reasons. Doc. #77 at 3. Defendants offer to provide the court with a full set of the
13 documents disclosed to Plaintiff to support its position. Plaintiff has not filed a reply to
14 Defendants' response and therefore he presents nothing to dispute Defendants' reasons for
15 withholding certain documents. Plaintiff has therefore failed to show that sanctions are
16 warranted. If Plaintiff believes he is entitled to certain documents that have not been
17 produced, the proper remedy is a motion to compel, but only after complying with LRCiv
18 7.2(j).

19 Regarding Plaintiff's claim that no expert witness reports have been filed, Defendants
20 state that the doctors identified in their disclosure statement are fact witnesses, not expert
21 witnesses. Defendants state that they do not intend to call any of them as expert witnesses
22 and therefore they need not produce expert witness reports. Absent a reply from Plaintiff,
23 the court has no basis to dispute Defendants' representations regarding their intended use of
24 the doctor witnesses. Plaintiff has not shown that this is a basis to impose sanctions.

25 Finally, Plaintiff says that affidavits and attachments filed with Defendants' motion
26 for summary judgment should have been disclosed previously. The summary judgment
27 motion was filed on September 2, 2005, less than two months after the discovery deadline.
28 Plaintiff concedes that none of the affidavits existed before the discovery deadline. Doc. #74

1 at 2.  If the affidavits were prepared specifically to support the summary judgment motion
2 and did not exist beforehand, Plaintiff has no basis to argue that they should have been
3 disclosed earlier.  Regarding other attachments, Plaintiff refers to them only generally and
4 provides no specific information about the attachments or why they should have been
5 disclosed earlier.  Moreover, because Plaintiff received the affidavits and attachments within
6 a reasonable period after the discovery deadline, the court finds no reason to impose
7 sanctions.

8 For the foregoing reasons, Plaintiff's motion for sanctions will be denied.

9 **IT IS THEREFORE ORDERED:**

10 That Plaintiff's Motion for Sanctions (Doc. #74) is **denied**.

11 DATED this 17th day of October, 2005.

Edward C. Voss
United States Magistrate Judge