IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Allen Patzke,<br><br>    Plaintiff,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Defendants. | No. CV 02-1705-PHX-NVW (ECV)<br><br>**ORDER** |

Plaintiff has filed a Motion to Require the Introduction of the Remainder of Patzke's Deposition (Doc. #97) in which he requests that Defendants be required to submit to the court his entire deposition rather than just the excerpts attached to their summary judgment motion. Defendants have filed a Response (Doc. #98) in which they oppose the request and Plaintiff has filed a Reply (Doc. #101).

Plaintiff argues that under Rule 106 of the Federal Rules of Evidence, he has the right to have the rest of his deposition submitted as evidence. The rule provides:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may required the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Fed. R. Evid. 106. One of the purposes of the rule is to avoid "the misleading impression created by taking matters out of context." Id. at Advisory Committee Notes. The rule applies to the use of depositions. Fed. R. Civ. P. 32(a)(4).

1  Although Plaintiff asserts that the complete deposition "should in all fairness be
2 considered contemporaneously with the excerpts," he fails to explain why. He fails to
3 identify any examples of information that might be taken out of context, nor does he explain
4 how other information from his deposition would help clarify or enhance the court's
5 understanding of an issue. Rather, in his reply, Plaintiff argues only that the relevance of the
6 remaining portions of the deposition is established by the deposition's length (168 pages) and
7 by Defendants' filing of an "exhaustive" response. Plaintiff offers nothing more to show why
8 fairness requires Defendants to submit the complete deposition. Having failed to satisfy Rule
9 106, Plaintiff's request will be denied.

10  Additionally, despite his *in forma pauperis* status, Plaintiff is not entitled to a free
11 copy of his deposition. See Tabron v. Grace, 6 F.3d 147, 159 (3rd Cir. 1993) ("There is no
12 provision in the [*in forma pauperis*] statute for the payment by the government of the costs
13 of deposition transcripts, or any other litigation expenses, and no other statute authorizes
14 courts to commit federal monies for payment of the necessary expenses in a civil suit brought
15 by an indigent litigant."). Although Plaintiff states that he is not requesting a free copy of
16 his deposition, he suggests that his inability to purchase a complete copy should not keep the
17 court from considering all the information in the deposition. As discussed above, however,
18 Plaintiff must present valid reasons why the complete deposition should be considered.
19 Because he has not done so, the motion will be denied.

20 **IT IS THEREFORE ORDERED:**

21  That Plaintiff's Motion to Require the Introduction of the Remainder of Patzke's
22 Deposition (Doc. #97) is **denied**.

23  DATED this 10th day of January, 2006.

Edward C. Voss
United States Magistrate Judge